**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION**

SEA SWIVEL INC., a Florida Corporation,

    Plaintiff,

v.

RHODAN MARINE SYSTEMS OF FLORIDA, LLC, a Florida limited liability company, DREAM MACHINE & PROTOTYPING, LLC, d/b/a T/6 Marine and SHUTTLESLIDE LLC, a Florida limited liability company,

    Defendants.
_____/

## COMPLAINT FOR PATENT INFRINGEMENT AND DEMAND FOR A JURY TRIAL

SEA SWIVEL INC. ("Plaintiff" or "Sea Swivel"), by its undersigned attorneys, brings this complaint for patent infringement against RHODAN MARINE SYSTEMS OF FLORIDA, LLC ("Rhodan"), DREAM MACHINE & PROTOTYPING, LLC d/b/a T/6 Marine ("T6"), and Shuttleslide LLC ("ShuttleSlide")(collectively, "Defendants"), and hereby alleges as follows:

### NATURE OF THE ACTION

1. Through this action, Sea Swivel seeks to put a stop to Defendants' ongoing misappropriation of valuable intellectual property owned by Sea Swivel. Defendants are making, using, and offering to sell swiveling trolling motor mounts that brazenly infringe on Sea Swivel's patent—reaping the rewards of innovation they neither conceived nor earned. As set forth more fully below, Sea Swivel demands not only damages, costs, and attorneys' fees, but also permanent injunctive relief under the Patent Act, ensuring Defendants can no longer trade on the strength of Sea Swivel's ingenuity.

## THE PARTIES

2. Sea Swivel is a corporation organized and existing under the laws of the State of Florida, having its principal place of business at 111 Bee Street, Tavernier, FL 33070.

3. Rhodan is a limited liability company organized and existing under the laws of the State of Florida, having its principal place of business at 1290 Sarasota Center Blvd, Sarasota, Florida 34240.

4. T6 is a limited liability company organized and existing under the laws of the State of Iowa, having its principal place of business at 21958 Ellington Avenue, Glenwood, Iowa 51534.

5. ShuttleSlide is a limited liability company organized and existing under the laws of the State of Florida, with its principal place of business at 1990 W. New Haven Avenue, Second Floor, Melbourne, Florida 32904.

## JURISDICTION AND VENUE

6. This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 100 *et seq.*, including §§ 271(a)-(c). This Court has subject matter jurisdiction over this controversy pursuant to 28 U.S.C. §§ 1331 and 1338.

7. Venue is proper pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred in this judicial district. Venue is also proper before this Court because at least one Defendants is subject to this Court's personal jurisdiction with respect to this action.

8. This Court has personal jurisdiction over Rhodan, T6, and ShuttleSlide because each Defendant has committed acts of patent infringement in the State of Florida and this judicial district.

9. Rhodan and ShuttleSlide are Florida entities, organized under the laws of Florida, and by virtue of, *inter alia*, their status as Florida companies, having availed themselves of the rights and benefits of Florida law, should reasonably anticipate being haled into court in this judicial district.

10. T6, while organized under the laws of Iowa, has purposefully directed infringing activities into Florida, including the marketing and sale of infringing products to Florida residents, and should likewise reasonably anticipate being haled into court in this judicial district.

## FACTUAL BACKGROUND

### *The Asserted Patent*

11. Born in the heart of the Upper Keys—the legendary "Fishing Capital of the World"—Sea Swivel launched in 2020 with a bold mission: to transform trolling motor technology. Its flagship innovation, the *Original Swivel Mount*, is the first heavy-duty, fully adjustable mount of its kind. With this breakthrough, Sea Swivel has raised the bar for performance, design, and safety, setting a new benchmark for anglers everywhere.

### *Evolution of the Trolling Motor*

12. In 1934 Mr. O.G. Schmidt, envisioned a new way of positioning his fishing boat with the first electric trolling motor for anglers. The creation of the electric trolling motor marked a new era in fishing, allowing anglers to navigate waters unlike ever before. Built from a Ford Model A starter motor in Fargo, North Dakota, Mr. O.G. Schmidt named the new company Minn Kota.

13. Between 1934 and 1968, Minn Kota developed several versions of the electric trolling motor. Throughout these changes, one thing remained constant: the mounting mechanism always relied on a tension clamp.



14. Traditionally, electric trolling motors have been mounted at the bow of the boat rather than the transom. Unlike transom-mounted motors, which push from behind, a bow-mounted trolling motor pulls the boat through the water. This pulling action gives anglers far greater steering precision and overall maneuverability.



15. Using an electric trolling motor while beneficial to an angler in reaching precise locations, the method of stowing the long trolling motor shaft has long been problematic, even dangerous. The method of stowing and deploying a trolling motor typically entails, among other

4

things, the angler having to climb on top of the bow of the boat to disengage the trolling motor and then pull the motor shaft from the water which can reach up to 108 inches long. Once the trolling motor shaft was pulled from the water, the shaft would lay across the front bow of the boat which may cause injuries to the passengers onboard or damage the trolling motor itself.

### *Innovation Meets Ingenuity – The Sea Swivel is Born*

16. The Sea Swivel solved the safety problems presented by fixed-mount trolling motors by providing a swiveling mounting plate compatible with leading manufacturer trolling motors that can be mounted to upward facing gunnel of the boat where an angler no longer needs to expose themselves to danger by boarding the bow of the boat to deploy or retract the trolling motor shaft—this ability allows the boater to *Swivel, Deploy, & Enjoy*.



17. The Sea Swivel rotating mount allows a trolling motor to pivot laterally without removing the mount from the deck, enabling users to redirect motor thrust and stow the motor without removal or disassembly. Each Sea Swivel product is manufactured and sold with specifications suitable for a wide range of vessels and use environments, including freshwater and saltwater settings.

18. The Sea Swivel is tremendously popular and is the market-leading trolling motor mount in the United States. The Sea Swivel has been picked up by some of the biggest names in the industry, including CWR Wholesale Electronics, West Marine, Wintron Electronics Wholesale, Boat Outfitters, Port Supply, and local dealers throughout the country.

19. Furthermore, the Sea Swivel has even become the standard trolling motor mount for several high-end boat manufacturers. The Sea Swivel has become known through the marine industry for safety, ease of use, and reliability.

## GENERAL ALLEGATIONS

20. Sea Swivel as an innovator has made substantial investments in research and development, resulting in been awarded its' patent which covers the key functionality, safety, and performance features of the Sea Swivel being asserted against the Defendants U.S. Patent No. 12,258,111 (the '111 Patent").

21. The '111 Patent is valid, enforceable, and was duly issued on March 25, 2025, by the United States Patent and Trademark Office ("USPTO"). Sea Swivel is the assignee and owner of all right, title, and interest, including the right to recover damages for infringement, in the '111 Patent. A true and correct copy of which is attached hereto as **"Exhibit A"** and by reference incorporated herein.

## DEFENDANTS' INFRINGING ACTIVITIES

22. Unfortunately, the success and popularity of Sea Swivel has resulted in imitation, copying, and unlawful piggybacking off of Sea Swivel's substantial investment in its intellectual property rights, including the '111 Patent.

### a. Defendant Rhodan's Infringing Activities.

23. The "Rhodan Accused Products" are (a) the SRQ Brackets; and (b) any other trolling motor mounts, brackets, or systems sold or marketed by Rhodan on or since the issuance of the '111 Patent that incorporate rotating or pivoting mechanisms that facilitate secure attachment and directional adjustment of bow-mounted trolling motors in a manner materially similar to Sea Swivel's patented design.

### b. Defendant T6's Infringing Activities.

24. The "T6 Accused Products" are (a) the BOSS 360, and Mini BOSS 360 trolling motor mounts sold or offered for sale by T6; and (b) any other trolling motor mounts, brackets, or systems sold or marketed by T6 on or since the issuance of the '111 Patent that incorporate rotating or pivoting mechanisms that facilitate secure attachment and directional adjustment of bow-mounted trolling motors in a manner materially similar to Sea Swivel's patented design.

### c. Defendant ShuttleSlide's Infringing Activities.

25. The "ShuttleSlide Accused Products" are (a) the SS-7.5R Rotating Mount and SS-9.5R Rotating Mount, marketed and sold by ShuttleSlide; and (b) any other trolling motor mounts, brackets, or systems sold or marketed by Shuttle Slide on or since the issuance of the '111 Patent that incorporate rotating or pivoting mechanisms that facilitate secure attachment and directional adjustment of bow-mounted trolling motors in a manner materially similar to Sea Swivel's patented design.

26. Sea Swivel has undertaken its best efforts in good faith to identify and investigate the products that infringe the '111 Patent (collectively, the "'111 Accused Products").

27. However, many details regarding the specific design, dimensions, components, and internal mechanisms of the Accused Products are not publicly available or accessible without discovery. Sea Swivel has identified the Accused Products based on publicly available marketing materials, online product descriptions, photographs, and video demonstrations.

28. The Accused Products have been and continue to be marketed, offered for sale, and sold throughout the United States. These products are believed to infringe one or more claims of the '111 Patent based on their shared structural and functional characteristics, including mechanisms that allow for rotational movement or directional adjustment of trolling motors. While each product may vary in form or branding, they are substantially similar in purpose, configuration, and operation to Sea Swivel's patented rotating mount system and are therefore properly included within the scope of infringing Accused Products.

29. In addition, on information and belief, Defendants have represented to actual and potential customers, contractors, and end users that the Accused Products identified above are comparable to Sea Swivel's patented rotating mount system. These representations include claims that the Accused Products provide similar functionality, design benefits, or compatibility, despite infringing upon Sea Swivel's intellectual property.

**COUNT I – INFRINGEMENT OF THE '111 PATENT**
**(As to Rhodan)**

30. Sea Swivel realleges and incorporates by reference the allegations in paragraphs 1–29 as if fully set forth herein.

31. Rhodan has made, used, imported, sold and/or offered for sale in the United States at least one product, including but not limited to the Rhodan Accused Products, that infringe the

'111 Patent. The Rhodan Accused Products, offered for sale and sold without license of Sea Swivel, are colorable imitations of the invention claimed in the '111 Patent.

32. Rhodan's infringement is detailed in the preliminary claim chart attached hereto as **Exhibit "B"** and incorporated herein by reference. **Exhibit B** shows that the appearance of the Rhodan Accused Products are substantially the same as that of the '111 Patent in the eye of an ordinary observer giving such attention as a purchaser usually gives to the non-functional ornamental design of the product, with such resemblance as to deceive an ordinary observer, inducing him or her to purchase the Rhodan Accused Products, supposing it to be the claimed design of the '111 Patent.

33. The Rhodan Accused Products are currently being offered for sale in the United States on <https://www.rhodanmarine.com/product/srq-brackets-sliding-rotating-quick-release/?srsltid=AfmBOop95fG9vDpEAn8_wT271q0dC7I48QwbwDpkqrqbNjYnkXBm4Pil>, which provides pricing for the products, allows a consumer to purchase them, and includes images and/or videos showing an infringing use of the products. A copy of portions of the website showing the Rhodan Accused Products being made, used, and offered for sale in the United States is attached as **Exhibit "C"**.

34. Rhodan's infringement of the '111 Patent is knowing and willful. On information and belief, Rhodan received written notice of the '111 Patent and Sea Swivel's rights therein on June 25, 2025, via a letter enclosing copies of the '111 Patent (the "Rhodan June 25th Demand"). A true and correct copy of the Rhodan June 25th Demand is attached as **Exhibit "D"**. This Complaint further provides sufficient knowledge that any subsequent manufacture, use,

importation, offer for sale, or sale of the Rhodan Accused Products will constitute willful infringement of the '111 Patent[1].

35. If Rhodan's infringing activities with respect to the Rhodan Accused Products are not enjoined, Sea Swivel will be irreparably harmed by being forced to compete with a product that infringes its own patent. An early injunction is also appropriate in this case because the infringing products are currently being sold in commerce.

36. Sea Swivel has already been damaged as a result of Rhodan's infringing activities and will continue to sustain damages in the future unless infringement of the '111 Patent is permanently enjoined by the Court. Such damages include lost profit, erosion of Sea Swivel's sales, and in any event no less than a reasonable royalty as set forth in 35 U.S.C. § 284.

## COUNT II – INFRINGEMENT OF THE '111 PATENT
### (As to T6)

37. Sea Swivel realleges and incorporates by reference the allegations in paragraphs 1–29 as if fully set forth herein.

38. T6 has made, used, imported, sold and/or offered for sale in the United States at least one product, including but not limited to the T6 Accused Products, that infringe the '111 Patent. The T6 Accused Products, offered for sale and sold without license of Sea Swivel, are colorable imitations of the invention claimed in the '111 Patent.

39. T6's infringement is detailed in the preliminary claim chart attached hereto as **Exhibit "E"** and incorporated herein by reference. **Exhibit E** shows that the appearance of the Troll Mount Accused Products are substantially the same as that of the '111 Patent in the eye of

---

[1] The SRQ Bracket was not available when the Rhodan June 25th Demand was sent and received. However, as of July 28, 2025, after the date of the Rhodan June 25th Demand, the SRQ Bracket was made available for purchase. *See*, SRQ Bracket (Sliding, Rotating, quick Release) https://www.rhodanmarine.com/product/srq-brackets-sliding-rotating-quick-release/

an ordinary observer giving such attention as a purchaser usually gives to the non-functional ornamental design of the product, with such resemblance as to deceive an ordinary observer, inducing him or her to purchase the Troll Mount Accused Products, supposing it to be the claimed design of the '111 Patent.

40. The T6 Accused Products are currently being offered for sale in the United States on <https://www.t6marinesupply.com/category/trolling-motor-mounts>, which provides pricing for the products, allows a consumer to purchase them, and includes images and/or videos showing an infringing use of the products. A copy of portions of the website showing the T6 Accused Products being made, used, and offered for sale in the United States is attached as **Exhibit "F"**.

41. T6's infringement of the '111 Patent is knowing and willful. On information and belief, T6 received written notice of the '111 Patent and Sea Swivel's rights therein on June 27, 2025, via a letter enclosing copies of the '111 Patent. A true and correct copy of this letter is attached as **Exhibit "G"**. This Complaint further provides sufficient knowledge that any subsequent manufacture, use, importation, offer for sale, or sale of the T6 Accused Products will constitute willful infringement of the '111 Patent.

42. If T6's infringing activities with respect to the T6 Accused Products are not enjoined, Sea Swivel will be irreparably harmed by being forced to compete with a product that infringes its own patent. An early injunction is also appropriate in this case because the infringing products are currently being sold in commerce.

43. Sea Swivel has already been damaged as a result of T6's infringing activities and will continue to sustain damages in the future unless infringement of the '111 Patent is permanently enjoined by the Court. Such damages include lost profits, erosion of Sea Swivel's sales, and in any event no less than a reasonable royalty as set forth in 35 U.S.C. § 284.

## COUNT III – INFRINGEMENT OF THE '111 PATENT
### (As to ShuttleSlide)

44. Sea Swivel realleges and incorporates by reference the allegations in paragraphs 1–29 as if fully set forth herein.

45. ShuttleSlide has made, used, imported, sold and/or offered for sale in the United States at least one product, including but not limited to the ShuttleSlide Accused Products, that infringe the '111 Patent. The ShuttleSlide Accused Products, offered for sale and sold without license of Sea Swivel, are colorable imitations of the invention claimed in the '111 Patent.

46. ShuttleSlide's infringement is detailed in the preliminary claim chart attached hereto as **Exhibit "K"** and incorporated herein by reference. **Exhibit K** shows the appearance of the ShuttleSlide Accused Products are substantially the same as that of the '111 Patent in the eye of an ordinary observer giving such attention as a purchaser usually gives to the non-functional ornamental design of the product, with such resemblance as to deceive an ordinary observer, inducing him or her to purchase the ShuttleSlide Accused Products, supposing it to be the claimed design of the '111 Patent.

47. The ShuttleSlide Accused Products are currently being offered for sale in the United States on <https://shuttleslide.com/product/ss-7-5r/;https://shuttleslide.com/product/ss-9-5r-rotating-mount/.>, which provides pricing for the products, allows a consumer to purchase them, and includes images and/or videos showing an infringing use of the products. A copy of portions of the website showing the ShuttleSlide Accused Products being made, used, and offered for sale in the United States is attached as **Exhibit "L"**.

48. ShuttleSlide's infringement of the '111 Patent is knowing and willful. On information and belief, ShuttleSlide received written notice of the '111 Patent and Sea Swivel's rights therein on June 25, 2025, via a letter enclosing copies of the '111 Patent. A true and correct

copy of this letter is attached as **Exhibit "M"**. This Complaint further provides sufficient knowledge that any subsequent manufacture, use, importation, offer for sale, or sale of the ShuttleSlide Accused Products will constitute willful infringement of the '111 Patent.

49. If ShuttleSlide's infringing activities with respect to the ShuttleSlide Accused Products are not enjoined, Sea Swivel will be irreparably harmed by being forced to compete with a product that infringes its own patent. An early injunction is also appropriate in this case because the infringing products are currently being sold in commerce.

50. Sea Swivel has already been damaged as a result of ShuttleSlide's infringing activities and will continue to sustain damages in the future unless infringement of the '111 Patent is permanently enjoined by the Court. Such damages include lost profit, erosion of Sea Swivel's sales, and in any event no less than a reasonable royalty as set forth in 35 U.S.C. § 284.

## RELIEF REQUESTED

Sea Swivel respectfully requests the Court grant the following relief - in addition to all other available remedies at law and equity known and currently unknown - in light of the foregoing:

A. That judgment be entered in favor of Sea Swivel and against Defendants for having infringed on the '111 Patent;

B. A judgment that Defendants' infringement of the '111 Patent has been egregious and willful;

C. An accounting for damages and judgment thereon under 35 U.S.C. § 284 resulting from Defendants' infringement of the '111 Patent including Sea Swivel's lost profits and/or Sea Swivel's damages arising from price erosion, but no less than a reasonable royalty, together with pre- and post-judgment interest and costs;

D. A judgment in favor of Sea Swivel and against the Defendants in the amount of each individual Defendant's total profit on sales of the infringing product, as set forth in 35 U.S.C. § 289 and in light of the '111 Patent;

E. That a preliminary and permanent injunction be issued against Defendants, its officers, employees, agents, servants, attorneys, instrumentalities, and those in privity with them, from infringing the claims of the '111 Patent, and for all further and proper injunctive relief pursuant to 35 U.S.C. § 283;

F. Trebling of damages pursuant to 35 U.S.C. § 284 due to Defendants' egregious and willful infringement of the '111 Patent;

G. That the Court find that this is an exceptional case within the meaning of 35 U.S.C. § 285;

H. That this Court award Plaintiff its costs, expenses, and reasonable attorneys' fees and litigation expenses incurred in this action; and

I. Such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Sea Swivel elects a trial by jury of any issues and claims in this action to which it is entitled.

Dated: August 8, 2025.

Respectfully submitted,

**EPGD BUSINESS LAW P.A.**
*Attorneys for Plaintiff SEA SWIVEL INC.*
777 SW 37th Ave., Suite. 510
Miami, FL 33135
Telephone: (786) 837-6787
Facsimile: (305) 718-0687
Email: oscar@epgdlaw.com
Email: albert@epgdlaw.com

BY: <u>*/s/Albert D. Sabater*</u>
ALBERT D. SABATER, ESQ.
FL Bar No. 1051376
OSCAR A. GOMEZ, ESQ.
Fl Bar No: 58680
