UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-cv-23581-ALTMAN

SEA SWIVEL INC.,

     *Plaintiff*,

v.

SHUTTLESLIDE LLC *and*
RUSSELL TAYLOR,

     *Defendants.*

_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

On May 1, 2026, the Plaintiff moved for a Preliminary Injunction (the "Motion") [ECF No. 56]. On July 10, 2026, Magistrate Judge Yeney Hernandez issued a Report and Recommendation (the "R&R") [ECF No. 102], finding that the Plaintiff "failed to establish a substantial likelihood of success as to its proposed claim construction." R&R at 22. The R&R therefore "recommend[ed] that the Motion be **DENIED**." *Id.* at 23.

Under Local Magistrate Rule 4(b), parties have fourteen (14) days from the date of being served with a copy of a Report and Recommendation within which to file written objections with the relevant United States District Judge. *See also* FED. R. CIV. P. 72(b)(3). Here, the fourteen-day deadline for filing objections has passed, and no objection has been filed. *See generally* Docket. When a magistrate judge's Report and Recommendation has been properly objected to, district courts must review that disposition *de novo*. *See* FED. R. CIV. P. 72(b)(3). But, when no party has timely objected, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." FED. R. CIV. P. 72 advisory committee's notes (citation omitted). Although Rule 72 itself is silent on the standard of review, the Supreme Court has acknowledged that Congress's intent was to require *de novo* review only where objections have been properly filed—and not, as here,

when no party objects. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate [judge]'s factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). In any event, the "[f]ailure to object to the magistrate [judge]'s factual findings after notice precludes a later attack on these findings." *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988).

Having reviewed the R&R, the record, and the applicable law—and finding no clear error on the face of the R&R—we hereby **ORDER and ADJUDGE** as follows:

1. The Report and Recommendation [ECF No. 102] is **ACCEPTED and ADOPTED** in full.

2. The Motion for Preliminary Injunction [ECF No. 56] is **DENIED**.

**DONE AND ORDERED** in the Southern District of Florida on July 27, 2026.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc:     counsel of record