**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

SEA SWIVEL INC.,

Plaintiff,

v.

SHUTTLESLIDE LLC, and
RUSSELL TAYLOR,

Defendants.

Case No. 25-cv-23581-RKA

# DEFENDANT SHUTTLESLIDE LLC'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSES UNDER FED. R. CIV. P. 12(f)

*/s/ Mark F. Warzecha*
Mark F. Warzecha, Esq.
Florida Bar No. 095779
**WIDERMAN MALEK, PL**
1990 W. New Haven Ave. Suite 201
Melbourne, Florida 32904
Telephone: 321-255-2332
Facsimile: 321-255-2351
**MFW@USLegalTeam.com**
***ATTORNEY FOR DEFENDANTS SHUTTLESLIDE, LLC AND RUSSELL TAYLOR***

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ........ ii

Introduction ........ 1

Background and Procedural History ........ 1

Legal Standard ........ 2

Argument ........ 2

I. Plaintiff's Motion Is Untimely ........ 2

II. Defendants Would Be Unduly Prejudiced And Judicial Resources Would Be Wasted ........ 3

III. Striking Affirmative Defenses Is Disfavored; The Challenged Defenses Provide Fair Notice And Bear Possible Relation To The Controversy ........ 4

IV. The Defenses Meet The Notice Standard; Any Additional Particulars Can Be Supplied In Discovery Or Through A More Definite Statement. ........ 4

V. Section-By-Section Response To Plaintiff's Challenges ........ 4

a. First Affirmative Defense (Failure to State a Claim) ........ 4

b. Third Affirmative Defense (Invalidity) ........ 5

c. Fourth Affirmative Defense (Lack of Willfulness) ........ 5

d. Fifth Affirmative Defense (Prosecution History Estoppel/Disclaimer) ........ 5

e. Sixth Affirmative Defense (Waiver, Estoppel, Laches, Unclean Hands, and Acquiescence) ........ 6

f. Ninth Affirmative Defense (Failure to Mitigate) ........ 6

g. Tenth Affirmative Defense (Exceptional Case/Attorneys' Fees Not Warranted) ........ 6

Alternative Request for Leave to Amend ........ 7

Conclusion ........ 7

CERTIFICATE OF SERVICE ........ 8

# TABLE OF AUTHORITIES

**Cases**

*Affordable Aerial Photo., Inc. v. Abdelsayed*, No. 21-CV-81331-AMC/BER, 2022 WL 2375826 (S.D. Fla. Mar. 3, 2022) ........ 2, 3
*Microsoft Corp. v. Jesse's Computers & Repair, Inc.*, 211 F.R.D. 681 (M.D.Fla.2002) ........ 2, 4
*Titan Tire Corp. v. Case New Holland, Inc*. 566 F.3d 1372 United States Court of Appeals, Federal Circuit. 2009 ........ 5
*Wlodynski v. Ryland Homes of Fla. Realty Corp.*, No. 8:08-cv-361-JDW-MAP, 2008 WL 2783148 (M.D.Fla. July 17, 2008) ........ 2, 4

**Statutes**

35 U.S.C. § 101 ........ 5
35 U.S.C. § 102 ........ 5
35 U.S.C. § 103 ........ 5
35 U.S.C. § 112 ........ 5
35 U.S.C. § 285 ........ 6

**Rules**

Federal Rules of Civil Procedure 12(f) ........ 1, 2, 4, 7

## Introduction

Plaintiff's Motion To Strike Defendant Shuttleslide's Affirmative Defenses (ECF No. 104) is untimely, and asks the Court to employ the disfavored remedy of striking multiple defenses at the pleading stage based on alleged lack of factual detail and categorization disputes. Motions to strike are generally denied where the challenged matter bears any possible relation to the controversy, causes no prejudice, and where discovery is the more appropriate vehicle to refine issues. Federal Rules of Civil Procedure 12(f) permits a court to strike an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter, but courts exercise this discretion sparingly and may address asserted pleading deficiencies through case management and discovery rather than striking. The challenged defenses here were all included in Defendant's original Answer and Affirmative Defenses to Plaintiff's original Complaint and Plaintiff's first Amended Complaint. (ECF Nos. 66 and 104). Discovery is in its early stages and there has been no discovery related to the two additional patents asserted by Plaintiff in its Second Amended Complaint. Lastly Defendant Taylor has a pending Motion to Dismiss and has not even filed an Answer yet. (ECF No. 103). The defenses provide fair notice, track well-recognized patent doctrines, and do not prejudice Plaintiff. The motion should be denied in full, or, alternatively, Shuttleslide should be granted leave to amend.

## Background and Procedural History

Plaintiff filed its Second Amended Complaint on June 18, 2026, asserting patent infringement claims under multiple patents against Shuttleslide and Russell Taylor. (ECF No. 90). On July 2, 2026, Shuttleslide filed its Answer and Affirmative Defenses to the Second Amended Complaint, asserting ten affirmative defenses. (ECF No. 100). Plaintiff moved on July 23, 2026 to strike Shuttleslide's First, Third, Fourth, Fifth, Sixth, Ninth, and Tenth defenses as insufficient, conclusory, or improper. (ECF No. 104). Shuttleslide's initial Answer and Affirmative Defenses

was filed on May 18, 2026, and the same categories of defenses appeared in that pleading. (ECF No. 66). Rule 12(f) recognizes a 21-day window for a motion to strike after service of a pleading to which no response is required, and district courts retain discretion to consider or deny untimely motions and to address asserted deficiencies without striking. Because this window has long since closed and for the other reasons below, the Motion to Strike should be denied.

**Legal Standard**

Rule 12(f) authorizes a court to strike from a pleading "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter," and a party must move "before responding to the pleading or, if a response is not allowed, within 21 days after being served". Courts in this District have noted that plaintiffs often have a "full and fair opportunity" to move to strike when the first answer is filed, and have denied later motions where the same defenses were previously available to challenge. *Affordable Aerial Photo., Inc. v. Abdelsayed*, No. 21-CV-81331-AMC/BER, 2022 WL 2375826, at 2 (S.D. Fla. Mar. 3, 2022). Even where a court strikes a defense on technical pleading grounds, defendants are not precluded from later asserting the substantive merits of that defense as the case progresses *Wlodynski v. Ryland Homes of Fla. Realty Corp.*, No. 8:08-cv-361-JDW-MAP, 2008 WL 2783148, at *2 (M.D.Fla. July 17, 2008) (citing *Microsoft Corp. v. Jesse's Computers & Repair, Inc.*, 211 F.R.D. 681, 684 (M.D.Fla.2002)).

**Argument**

**I. Plaintiff's Motion Is Untimely**

Plaintiff filed its initial Complaint on August 8, 2025. (ECF No. 1). After the stay was lifted, on April 24, 2026, an Order was entered that reopened the case. (ECF No. 48). On May 1, 2026, a Scheduling Order was entered. (ECF No. 54). Plaintiff filed its first Amended Complaint on May 1, 2026. (ECF No. 55). Defendant filed its initial Answer and Affirmative Defenses on May 18, 2026. (ECF No. 66). The same challenged defenses were included in Shuttleslide's initial

Answer and Affirmative Defenses. (ECF No. 66). Plaintiff then filed a Second Amended Complaint on June 18, 2026. (ECF No. 90). Defendant filed its second Answer and Affirmative Defenses on July 2, 2026. (ECF No. 100). The same challenged defenses were included in Shuttleslide's second Answer and Affirmative Defenses.

Pursuant to *Affordable Aerial Photo., Inc.* at 2, Plaintiff's Motion to Strike is untimely. Affordable holds that when a Plaintiff had a "full and fair opportunity" and where the same defenses were previously available to challenge the motion to strike should be denied. *Affordable Aerial Photo., Inc.* at 2.

Shuttleslide's original Answer and Affirmative Defenses were served on May 18, 2026. (ECF No. 66). Plaintiff's 21-day deadline to strike any affirmative defenses was June 8, 2026. Plaintiff had a full and fair opportunity to challenge substantially the same defenses when Shuttleslide first answered on May 18, 2026, yet waited until July 23, 2026 to move, and courts have denied such motions in similar circumstances. Therefore, Plaintiff's motion is untimely and should be denied.

## II. Defendants Would Be Unduly Prejudiced And Judicial Resources Would Be Wasted

Plaintiff's Second Amended Complaint has added two additional counts for two completely different patents than what was alleged in its original Complaint. (ECF Nos. 1, 55, and 90). Plaintiff has also named an additional Defendant in its Second Amended Complaint. (ECF No. 90). Absolutely no discovery has been conducted related to the two additional patents and inclusion of Mr. Taylor as an individual defendant is subject to a pending Motion to Dismiss. (ECF No. 103).

It would be highly prejudicial to the Defendants if its affirmative defenses were to be stricken at this stage of the proceedings without the benefit of any discovery whatsoever.

Furthermore, it would be a waste of judicial resources to strike the defenses currently only to have the issues raised later, after an opportunity for discovery to proceed, via a motion for leave to assert affirmative defenses.

## III. Striking Affirmative Defenses Is Disfavored; The Challenged Defenses Provide Fair Notice And Bear Possible Relation To The Controversy

Rule 12(f) is a discretionary, disfavored remedy, and courts may deny motions to strike where the challenged matter could have any possible relation to the controversy or where case development can cure any claimed pleading deficiency. Moreover, even if any defense were deemed technically deficient, courts recognize that striking at the outset does not preclude later assertion of the same theories, confirming that discovery, Rule 12(e) clarification, and case management are the proper tools *Wlodynski* at *2 (citing *Microsoft Corp.* at 684).

## IV. The Defenses Meet The Notice Standard; Any Additional Particulars Can Be Supplied In Discovery Or Through A More Definite Statement.

The defenses asserted identify recognized patent doctrines and limitations tailored to Plaintiff's allegations and Shuttleslide's products. That is sufficient at this stage to provide fair notice, and Plaintiff identifies no prejudice.

## V. Section-By-Section Response To Plaintiff's Challenges

### a. First Affirmative Defense (Failure to State a Claim)

Shuttleslide pleaded that the complaint fails to state a claim because Plaintiff has not plausibly alleged that any Shuttleslide product practices each and every limitation of any valid and enforceable claim of the '111 Patent. Whether characterized as an affirmative defense or a preserved Rule 12(b)(6) contention, the pleaded statement gives notice that Shuttleslide contests the sufficiency of the pleadings as to essential claim-element mapping. There is no prejudice in leaving this defense in place, and courts routinely treat such contentions as permissible denials or

preserve them without striking. At minimum, if the Court prefers a different label, it can construe the defense as a denial rather than striking it.

**b. Third Affirmative Defense (Invalidity)**

Shuttleslide alleged that one or more claims of the ’111 Patent are invalid under 35 U.S.C. §§ 101, 102, 103, and/or 112. Invalidity is expressly authorized by statute as a defense to infringement. 35 USCA Sec. 283. See also, *Titan Tire Corp. v. Case New Holland, Inc*. 566 F.3d 1372 United States Court of Appeals, Federal Circuit. 2009.

At the pleading stage, specifying the statutory grounds and identifying that one or more asserted claims are implicated provides fair notice; the particulars of prior art, claim scope, and written description are developed through contentions and discovery. Striking now would prematurely foreclose a defense that plainly bears a possible relation to the controversy and causes no prejudice. If the Court desires additional particulars, the appropriate remedy is to allow discovery to proceed, a short amendment or Rule 12(e) clarification, not striking.

**c. Fourth Affirmative Defense (Lack of Willfulness)**

Shuttleslide pleaded that it has not willfully infringed any claim of the ’111 Patent and that it acted in good faith with a reasonable belief of non-infringement. This puts Plaintiff on notice that enhanced-damages allegations are contested and that Shuttleslide intends to rely on its pre- and post-suit conduct to rebut willfulness. The defense is directly tied to Plaintiff’s prayer for enhanced damages and is properly preserved. Any additional factual detail resides in Shuttleslide’s documents and witnesses and should be addressed in discovery rather than through striking.

**d. Fifth Affirmative Defense (Prosecution History Estoppel/Disclaimer)**

Shuttleslide alleged that Plaintiff’s claims are limited by prosecution history estoppel and/or disclaimer, precluding infringement under any theory broader than permitted by the file history. This defense alerts Plaintiff that Shuttleslide will rely on both intrinsic and extrinsic

evidence to claim scope and the doctrine of equivalents. The intrinsic evidence is already within Plaintiff's possession, and the defense bears an obvious relation to infringement disputes. Extrinsic evidence, in the possession of third parties, has yet to be developed fully via discovery. Any further particularization can be furnished in infringement/invalidity contentions or by modest amendment if requested; striking is unnecessary.

**e. Sixth Affirmative Defense (Waiver, Estoppel, Laches, Unclean Hands, and Acquiescence)**

Shuttleslide pleaded equitable defenses of waiver, estoppel, laches, unclean hands, and acquiescence as potentially limiting or barring relief. These equitable doctrines turn on facts concerning Plaintiff's knowledge, statements, conduct, delay, and prejudice, which are uniquely suited to development in discovery. Courts routinely decline to strike such defenses at the outset absent demonstrated prejudice or legal impossibility. If the Court requires more specificity, the proper remedy is allow discovery to proceed or granting leave to amend, not striking.

**f. Ninth Affirmative Defense (Failure to Mitigate)**

Shuttleslide alleged that Plaintiff failed to mitigate its alleged damages, if any, thereby barring or reducing recovery. Failure to mitigate is a classic damages-limiting defense, and its factual contours depend on Plaintiff's sales, licensing, marking, notice, and remedial efforts. Those facts will be explored in discovery. There is no prejudice from preserving this defense; striking would be premature.

**g. Tenth Affirmative Defense (Exceptional Case/Attorneys' Fees Not Warranted)**

Shuttleslide pleaded that this is not an exceptional case under 35 U.S.C. § 285, that Plaintiff is not entitled to fees, and that Shuttleslide reserves the right to seek its own fees. Whether styled as an affirmative defense or a reservation regarding fee entitlement, this statement provides notice concerning post-judgment fee issues expressly raised by the patent statute. Courts routinely allow

such statements to remain or, at most, treat them as non-substantive reservations without striking. There is no prejudice to Plaintiff if the statement remains; conversely, removing it serves no efficiency.

**Alternative Request for Leave to Amend**

To the extent the Court finds any defense insufficiently particularized, Shuttleslide respectfully requests the Court to allow Defendant Taylor's Motion To Dismiss be resolved, an ample amount of time for discovery to proceed or leave to amend to supply any requested detail. Courts recognize that technical striking of a defense at the pleading stage does not bar later assertion on the merits, confirming that amendment is appropriate where specificity is desired.

**Conclusion**

For the foregoing reasons, the Court should deny Plaintiff's motion to strike in its entirety. In the alternative, if the Court concludes that any defense requires additional detail, Shuttleslide respectfully requests leave to amend rather than striking. Rule 12(f) is discretionary and disfavored, the defenses provide fair notice and bear a possible relation to the controversy, and any remaining concerns can be addressed through discovery or a more definite statement.

DATED: August 10, 2026

*/s/ Mark F. Warzecha*
Mark F. Warzecha, Esq.
Florida Bar No. 095779
**WIDERMAN MALEK, PL**
1990 W. New Haven Ave. Suite 201
Melbourne, Florida 32904
Telephone: 321-255-2332
Facsimile: 321-255-2351
**MFW@USLegalTeam.com**
***ATTORNEY FOR DEFENDANTS***

***SHUTTLESLIDE, LLC AND***
***RUSSELL TAYLOR***

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on August 10, 2026, a true and correct copy of the foregoing was filed electronically with the Clerk of the Court using the CM/ECF system. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipts. Parties may access this filing through the Court's system.

*/s/ Mark F. Warzecha*
Mark F. Warzecha