**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 25-cv-23581-JTK**

**SEA SWIVEL INC.**,

*Plaintiff*,

v.

**SHUTTLESLIDE LLC**, *and*
**RUSELL TAYLOR**,

*Defendants*.
_________________________________/

**ORDER**

Before the Court is Plaintiff Sea Swivel Inc.'s ("Plaintiff") Motion to Strike Defendant Shuttleslide LLC's ("Shuttleslide") Affirmative Defenses (the "Motion"), [ECF No. 104]. Shuttleslide filed its opposition, [ECF No. 109], and Plaintiff replied, [ECF No. 113], and so the Motion is ripe for review.[1] Having carefully reviewed the Parties' written submissions and applicable law, the Motion is **GRANTED**.

I. BACKGROUND

Plaintiff sells the "Original Swivel Mount," a "heavy-duty, fully adjustable [tolling motor] mount." [ECF No. 90 ¶ 12]. Relevant here, Plaintiff holds three patents related to the Sea Swivel: U.S. Patent No. 12,258,111; U.S. Patent No. 12,409,922; and U.S. Patent No. 12,649,557 (collectively, the "Sea Swivel Patents"). [ECF No. 90 ¶¶ 22, 27, 31].

On June 18, 2026, Plaintiff filed its Second Amended Complaint, bringing six patent infringement claims against Shuttleslide and Shuttleslide's owner, Russell Taylor (collectively, "Defendants"), in connection with the Sea Swivel Patents (the "Second Amended Complaint"). [ECF No. 90 ¶¶ 1–2, 56–97]. In its Answer, which was filed on July 2, 2026, Shuttleslide asserted

[1] The Honorable Jeffrey T. Kuntz referred the Motion to the undersigned. [ECF No. 114].

ten affirmative defenses, [ECF No. 100 at 12–14]. On July 23, 2026, Plaintiff moved to strike seven of these defenses. [ECF No. 104 at 2–6]. Shuttleslide responded that the Motion failed on both timeliness and substantive grounds, [ECF No. 106], and Plaintiff filed its reply, [ECF No. 110].

Shuttleslide's affirmative defenses fall into two categories, neither of which hit the mark. The first category merely points to defects in the Complaint; these "defenses," then, are not defenses at all but *denials*. The second category fails to allege any facts to outline the affirmative defense. As to the first category, we GRANT the Motion, and the statements shall be treated as denials. As to the second category, the Motion is also GRANTED, and the affirmative defenses are stricken with leave to amend.

## II. Legal Standard

### *i. Affirmative Defenses*

"An affirmative defense is an assertion raising new facts and arguments that, if proven, defeat the plaintiff's claim even if the allegations in [the] complaint are true." *Int'l Sch. Servs., Inc. v. AAUG Ins. Co.*, No. 10-62115-Civ, 2012 WL 5635590, at *8 (S.D. Fla. Nov. 15, 2012) (alteration in original; citation omitted). Thus, "[a]n affirmative defense is established only when a defendant admits the essential facts of a complaint and sets up other facts in justification or avoidance." *XYZ Corp. v. Partnerships & Unincorporated Associations Identified on Schedule "A"*, No. 23-CV-24366, 2024 WL 3673011, at *5 (S.D. Fla. Aug. 6, 2024) (quoting *Puck v. Silverman*, No. 1:22-CV-24078-KMM, 2023 WL 9228323, at *3 (S.D. Fla. Dec. 22, 2023)).

### *ii. Motions to Strike Affirmative Defenses Under Fed. R. Civ. P. 12(f)*

Federal Rule of Civil Procedure 12(f) permits a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter," and grants courts broad discretion in making this determination. FED. R. CIV. P. 12(f); *Morrison v. Exec. Aircraft Refinishing, Inc.*, 434 F. Supp. 2d 1314, 1317-18 (S.D. Fla. 2005) (citing *Williams v. Eckerd Family Youth Alt.*, 908

F. Supp. 908, 910 (M.D. Fla. 1995)). Broad discretion notwithstanding, "[m]otions to strike generally are disfavored and will usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties." *Merrill Lynch Bus. Fin. Servs., Inc. v. Performance Mach. Sys. U.S.A., Inc.*, No. 04-60861-CIVMARTINEZ, 2005 WL 975773, at *11 (S.D. Fla. Mar. 4, 2005) (citations and internal quotation marks omitted).

"Courts have developed two schools of thought regarding the pleading standard required for affirmative defenses, and the Eleventh Circuit has not yet resolved the split in opinion." *Ramnarine v. CP RE Holdco 2009-1, LLC*, No. 12-61716-CIV, 2013 WL 1788503, at *1 (S.D. Fla. Apr. 26, 2013). Some courts apply the heightened pleading standard of Rule 8(a), as set forth in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), to affirmative defenses. *See*, *e.g.*, *Sciacca*, No. 11-24054-CIV, 2012 WL 527366, at *1 (citing *Mid-Continent Casualty Co. v. Active Drywall South, Inc.*, 765 F. Supp. 2d 1360, 1362 (S.D. Fla. 2011); *Sace BT S.p.A. v. Italkitchen Int'l, Inc.*, No. 11-21663-CIV, 2012 WL 37391, at *1 (S.D. Fla., Jan. 6, 2012); *In re Checking Account Overdraft Litig.*, 307 F.R.D. 630, 650 (S.D. Fla. 2015); *Castillo v. Roche Labs. Inc.*, No. 10-20876-CIV, 2010 WL 3027726, at *2 (S.D. Fla. Aug. 2, 2010); *Ocean's 11 Bar & Grill, Inc. v. Indem. Ins. Corp. RRG*, No. 11-61577-CIV, 2012 WL 5398625, at *18 (S.D. Fla. Nov. 2, 2012); *Royal Caribbean Cruises, LTD v. Jackson*, No. 12-22000-CIV, 2013 WL 358359 at *6 (S.D. Fla. Jan. 29, 2013). Others require only that the affirmative defense "provide[ ] the opposing party with notice of an additional issue (not directly related to liability) that may be raised at trial so that the opposing party can litigate the new issue." *Brito v. Palm Springs Mile Assocs., Ltd.*, 2021 WL 2634863, at *1 (S.D. Fla. Feb. 3, 2021); *see also*, *e.g.*, *Bynum v. Carnival Corp.*, No. 23-CV-23760, 2024 WL 229545, at *2 (S.D. Fla. Jan. 22, 2024); *Sparta Ins. Co. v. Colareta*, 2013 WL 5588140, at *3 (S.D. Fla. Oct. 10, 2013) ("[S]o long as [d]efendants' affirmative defenses give [p]laintiffs notice of the claims [d]efendants will litigate, and vice versa, the defenses will be appropriately pled under Rules 8(b) and (c)."); *Tsavaris v. Pfizer, Inc.*, 310 F.R.D. 678,

682 (S.D. Fla. 2015) ("Although Rule 8 does not obligate a defendant to set forth detailed factual allegations, a defendant must give the plaintiff 'fair notice' of the nature of a defense and the grounds on which it rests."); *Patel v. Spot Classic Barbershop, LLC*, 2022 WL 19266320, at *2 (S.D. Fla. Apr. 18, 2022) (reviewing cases and applying "the less stringent 'notice-pleading' standard to [p]laintiff's motion to strike [d]efendant's affirmative defenses"); *Birren v. Royal Caribbean Cruises, Ltd.*, 336 F.R.D. 688, 692 (S.D. Fla. 2020) (same).

In this Court's view, affirmative defenses are not subject to the *Twombly-Iqbal* heightened pleading standard for three reasons. First, by their own terms, Rules 8(b) and 8(c) apply to "defenses," and "affirmative defenses," respectively. Rule 8(a), however, applies to "claims for relief" and makes no mention of defenses—affirmative or otherwise. Importing cases interpreting Rule 8(a) into the Rule 8(b) and 8(c) space, then, ignores crucial textual differences between these subsections.

Second, both *Twombly* and *Iqbal* relied on Rule 8(a)'s "entitled to relief" language to conclude that a complaint must assert a plausible claim. *See Twombly*, 550 U.S. at 557 ("The need at the pleading stage for allegations plausibly suggesting . . . agreement reflects the threshold requirement of Rule 8(a)(2) that the 'plain statement' possess enough heft to 'sho[w] that the pleader is entitled to relief.'"); *Iqbal*, 556 U.S. at 679 ("[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief."). That "entitled to relief" language appears nowhere in Rule 8(b) or 8(c), which is telling. *Bynum*, 2024 WL 229545, at *2 (citing canons of interpretation, including the well-known "expressio unius" or "expression of one thing implies the exclusion of others"). Put differently, where the plausibility standard is rooted in specific language (i.e., "entitled to relief"), the omission of this language is powerful evidence that a different standard should govern.

Third, some asymmetry in pleading standards make sense, given that a party responding to a complaint must do so within 21 days—whereas a plaintiff faces only the temporal constraints of a

statute of limitations. *See Ramindesign, LLC v. Skarzynski*, No. 23-CV-24838, 2025 WL 271652, at *4 (S.D. Fla. Jan. 23, 2025) ("Furthermore, 'when one considers that a defendant must answer the complaint within 21 days, imposing a different standard for defenses is not unfair.'") (citing *Floyd v. SunTrust Banks, Inc.*, No. 1:10-CV-2620-RWS, 2011 WL 2441744, at *8 (N.D. Ga. June 13, 2011)), *report and recommendation adopted*, No. 23-24838-CIV, 2025 WL 485965 (S.D. Fla. Feb. 13, 2025).

Accordingly, Rule 8 "does not obligate a defendant to set forth detailed factual allegations," requiring only that a defendant "give the plaintiff 'fair notice' of the nature of the defense and the grounds upon which it rests." *Adams v. Jumpstart Wireless Corp.*, 294 F.R.D 668, 671 (S.D. Fla. 2013); *see also Morrison*, 434 F. Supp. at 1318 (same). Even so, "an affirmative defense must be stricken when the defense is comprised of no more than 'bare-bones, conclusory allegations' or is 'insufficient as a matter of law.'" *Northrop & Johnson Holding Co., Inc. v. Leahy*, No. 16-cv-63008, 2017 WL 5632041, at *3 (S.D. Fla. Nov. 22, 2017) (quoting *Adams*, 294 F.R.D. at 671 and *Home Mgmt. Solutions, Inc. v. Prescient, Inc.*, No. 07-20608-CIV, 2007 WL 2412834, at *2 (S.D. Fla. Aug. 21, 2007)). "An affirmative defense is insufficient as a matter of law where: '(1) on the face of the pleadings, it is patently frivolous, or (2) it is clearly invalid as a matter of law.'" *Id.* (quoting *Home Mgmt. Solutions, Inc.*, 2007 WL 2412834, at *2) (internal quotations omitted).

## III. Analysis

Shuttleslide's First, Third, Fourth, Fifth, Sixth, Ninth, and Tenth Affirmative Defenses are invalid as a matter of law. The First, Fourth, and Tenth defenses fail because they simply highlight flaws in the Second Amended Complaint, rather than raising new facts that preclude relief, and are therefore not affirmative defenses at all. The remaining affirmative defenses, though properly characterized as such, do not satisfy the pleading requirements of Rule 8 and are hereby stricken with leave to amend.

*i.* *Timeliness*

Shuttleslide claims Plaintiff missed the 21-day deadline for filing motions to strike. To support this argument, Shuttleslide cites a case that *declined* to announce the broad principle Shuttleslide relies on. And because Rule 12 and persuasive authority show that the Motion is timely, this Court will address the merits.

A motion to strike must be filed "within 21 days after being served with the pleading." FED. R. CIV. P. 12(f)(2). Here, Plaintiff filed its initial complaint on August 8, 2025. [ECF No. 1]. The matter was then stayed while Shuttleslide and defendants that are no longer parties to the case challenged the Sea Swivel Patents before the Patent Trial and Appeal Board ("PTAB"). [ECF No. 35]. After the PTAB denied this challenge, the Court lifted the stay, and, on May 1, 2026, Plaintiff filed an amended complaint ("Amended Complaint"). [ECF No. 55]. Shuttleslide filed its answer, including affirmative defenses, on May 18, 2026. [ECF No. 66]. Plaintiff did not move to strike Shuttleslide's affirmative defenses, filing instead a Second Amended Complaint. [ECF No. 90]. On July 2, 2026, Defendant filed a second answer and the same affirmative defenses it had asserted against the Amended Complaint. *Compare* [ECF No. 66], *with* [ECF No. 100].

In Shuttleslide's view, because the Motion seeks to invalidate the same affirmative defenses raised in response to the Amended Complaint, Plaintiff should have moved to strike within 21 days of Shuttleslide's May 18, 2026 answer—making June 8, 2026 the operative deadline. [ECF No. 109 at 5–6]. Shuttleslide makes the broad claim that "Courts in this district have noted that plaintiffs often have a 'full and fair opportunity' to move to strike when the first answer is filed, and have denied later motions where the same defenses were previously available to challenge." [ECF No. 109 at 5]. Despite using the plural form, Shuttleslide cites only one case to support this observation. And the case is far less apposite than Shuttleslide suggests. In *Affordable Aerial Photography, Inc. v. Abdelsayed*, No. 21-CV-81331-AMC/BER, 2022 WL 2375826 (S.D. Fla. Mar. 3, 2022), defendants argued that a

motion to strike was untimely because the challenged defenses had been raised, nearly verbatim, in a prior response. *Id.* at *1. Plaintiffs countered that the 21-day challenge deadline re-set when it filed an amended complaint. The Court had this to say: "Even assuming AAP is right that a fresh 21-day period began with the filing of the answer to the amended complaint (*an issue I do not decide*), I exercise my discretion to deny the motion to strike." *Id.* at *2 (emphasis added). In other words, *Affordable Aerial Photography* is expressly silent on the question of timeliness. Which makes this line from Shuttleslide's response deeply perplexing: "Pursuant to *Affordable Aerial Photo., Inc.* at 2, Plaintiff's Motion to Strike is untimely." [ECF No. 109 at 6]. Given *Affordable Aerial* did not decide the issue, any finding on timeliness in this case could not be "pursuant to" that holding.

Turning to the merits of Shuttleslide's largely unsupported claim, we conclude that Plaintiff is not barred from moving to strike in this case. Generally, an amended pleading supersedes a prior pleading, which is deemed abandoned. *Krinsk v. SunTrust Bank, Inc.*, 654 F.3d 1194, 1202 (11th Cir. 2011). The affirmative defenses Plaintiff challenges were raised in Shuttleslide's July 2, 2026 pleading. [ECF No. 100 at 13–14]. Plaintiff filed the Motion on July 23, 2026, which is within the 21-day period set out in Rule 12(f). [ECF No. 104]. The Motion is therefore timely. *See F.D.I.C. v. Bayer*, No. 2:13-CV-752-FTM-29, 2015 WL 686952, at *1 (M.D. Fla. Feb. 18, 2015) (rejecting timeliness challenge to motion to strike, despite inclusion of same defenses in earlier answer, where an amended complaint and answer superseded prior pleadings); *Jack's Magic Products, Inc. v. Star Brands Ltd*, No. 8:22-CV-848-WFJ-SPF, 2022 WL 4110287, at *2 (M.D. Fla. Sept. 8, 2022) (finding unpersuasive defendant's argument that "a defendant that did not move to strike allegations in an original complaint waived the right to bring a motion to strike those allegations as re-asserted in an amended complaint); *see also Gardner v. Aloha Ins. Servs.*, 566 F. App'x 903, 906 (11th Cir. 2014) ("[T]he district court did not err in denying the motion for default, which was based on [defendant's] delay in

responding to the original complaint, because [plaintiff] filed an amended complaint that became the operative pleading, and [defendant] answered that pleading in a sufficiently timely fashion.").

One final observation, regrettably necessary in the age of AI. It did not escape the Court's notice that Shuttleslide's Response is titled "CoCounsel Skill Results."[2] The Court will not, at this juncture, draw a causal link between this apparent use of AI and counsel's mistaken reliance on *Affordable Aerial Photography*. But we caution counsel that, while AI has no Rule 11 obligations, the attorney who relies on it *does*. *See* FED. R. CIV. P. 11(b) ("Representations to the Court. By presenting to the Court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney . . . certifies that to the best of the person's knowledge . . . formed after an inquiry reasonable under the circumstances . . . the claims, defenses, and other legal contentions are warranted by existing law[.]"); *ByoPlanet Int'l, LLC v. Johansson*, 792 F. Supp. 3d 1341, 1354 (S.D. Fla. 2025) (discussing Rule 11 sanctions and observing "[a]ttorneys using AI tools without checking on the accuracy of their output are responsible for the consequences of incorporating inaccurate information into their work product").

ii. *The Defective Complaint Defenses*

As explained, "[a]n affirmative defense is an assertion raising new facts and arguments that, if proven, defeat the plaintiff's claim even if the allegations in [the] complaint are true." *Int'l Sch. Servs., Inc.*, 2012 WL 5635590, at *8. A defense that simply "points out a defect in the plaintiff's prima facie case," however, presents no new facts and is, therefore, not an affirmative defense. *Mad Room, LLC v. City of Miami*, No. 21-CV-23485, 2024 WL 2776173, at *14 (S.D. Fla. May 30, 2024) (quoting *In re Rawson Food Serv., Inc.*, 846 F.2d 1343, 1349 (11th Cir. 1988)). And "failure to state a claim"

---

[2] Beyond this, metadata for Shuttleslide's Response lists "CoCounsel" in the "Author" field. [ECF No. 109]. CoCounsel is a platform developed by Thomson Reuters using AI to assist with various legal tasks, including researching and drafting. *See* https://www.thomsonreuters.com/en-us/help/westlaw-advantage/tools/about-cocounsel-legal.

defenses "plainly fall into this category" of non-affirmative defenses. *Id.*; *see also Hall v. Sargeant*, 2020 WL 1536435, at *35 (S.D. Fla. Mar. 30, 2020); *Boldstar Technical, LLC v. Home Depot, Inc.*, 517 F. Supp. 2d 1283, 1292 (S.D. Fla. 2007) ("Failure to state a claim is a defect in the plaintiff's claim; it is not an additional set of facts that bars recovery notwithstanding the plaintiff's valid prima facie case. Therefore, it is not properly asserted as an affirmative defense."); *Kapral v. GEICO Indem. Co.*, 2016 WL 7234147, at *5 (M.D. Fla. Jan. 5, 2016) (Honeywell, J.) ("Failure to state a claim is not an affirmative defense.").

a. First Affirmative Defense

Shuttleslide's First Affirmative Defense states: "The Amended Complaint [sic] fails to state a claim upon which relief can be granted because Plaintiff has not plausibly alleged that any Shuttleslide product practices each and every limitation of any valid and enforceable claim of the '111, '922, and '557 Patents." [ECF No. 100 at 13]. Plaintiff argues the statement "merely asserts a failure to state a claim, which is not a legally cognizable affirmative defense." [ECF No. 104 at 3]. Shuttleslide does not deny this, arguing instead: "[w]hether characterized as an affirmative defense or a preserved Rule 12(b)(6) contention, the pleaded statement gives notice that Shuttleslide contests the sufficiency of the pleadings as to essential claim-element mapping." [ECF No. 109 at 7]. The parties appear to agree, then, that the First Affirmative Defense is a failure to state a claim argument, though they disagree on the implications of that framing. As the Eleventh Circuit has explained, "[a] defense which points out a defect in the plaintiff's prima facie case is not an affirmative defense." *See In re Rawson Food Serv., Inc.*, 846 F.2d at 1349. Where a failure to state a claim argument masquerades as an affirmative defense, the proper course of action is to treat it as a specific denial rather than an affirmative defense. *Mad Room, LLC*, 2024 WL 2776173, at *14. Because Shuttleslide's First Affirmative Defense is, by Shuttleslide's own account, a "failure to state a claim" defense, which is no affirmative defense at all, it shall be construed as a denial.

b. Fourth Affirmative Defense[3]

In its Fourth Affirmative Defense, Shuttleslide claims that it "has not willfully infringed any claim of the '111, '922, or '557 Patents" and "acted in good faith and reasonably believed that it did not infringe any valid and enforceable patent." [ECF No. 100 at 13]. Like the First Affirmative Defense, which faulted the complaint for failing to state a claim, this statement adds no facts and simply disclaims liability. It is also consonant with Shuttleslide's earlier denials. [ECF No. 100 at ¶ 1 ("Shuttleslide denies the allegations in Paragraph 1, including any allegation of infringement, *willfulness*, unauthorized use, unjust enrichment, and entitlement to any damages, fees, costs, or injunctive relief.") (emphasis added)]. In a patent infringement lawsuit, the affirmative defense of lack of willfulness[4] is properly treated as a mere denial rather than an affirmative defense. *See Robinson v. Nat'l Credit Sys., Inc.*, No. 2:17-CV-386-FTM-99CM, 2018 WL 1877462, at *3 (M.D. Fla. Apr. 19, 2018). Therefore, the Fourth Affirmative Defense is a denial and the Court will treat it as such. To the extent the Motion asks for this alternative relief (i.e., treating the affirmative defense as a denial rather than striking it altogether), it is granted. *Mad Room, LLC*, 2024 WL 2776173, at n.1 ("When a defendant labels a specific denial as an affirmative defense, the proper remedy is not to strike the defense, but instead to treat it as a denial.") (cleaned up).

---

[3] Plaintiff references Shuttleslide's Second Affirmative Defense only in passing and fails to develop any challenge against it. Accordingly, we do not address this Affirmative Defense and do not construe Plaintiff's Motion as properly presenting arguments against the statement. *See Atmos Nation, LLC v. BnB Enter., LLC*, No. 16-62083-CIV, 2017 WL 3763949, at *2 (S.D. Fla. Apr. 24, 2017) ("It is axiomatic that arguments not supported and properly developed are deemed waived. . . . [T]he onus is upon the parties to formulate arguments.") (internal quotation marks omitted)).

[4] There is an important distinction between a lack of *willful* infringement and noninfringement. Noninfringement is an affirmative defense that a defendant is required to plead in his responses. 35 U.S.C. § 282(b)(1); *see also Woods v. Deangelo Marine Exhaust, Inc.*, No. 08-81579-CIV, 2009 WL 10667032, at *1 (S.D. Fla. Apr. 20, 2009) (granting the defendant's motion to reconsider although the burden of proving infringement is on the plaintiff because the express language of 35 U.S.C. § 282(b)(1) requires that infringement be pleaded as an affirmative defense). Shuttleslide has separately pleaded a noninfringement defense, [ECF No. 109 at 13], which Plaintiff has not challenged adequately, *see supra* footnote 3.

a. Tenth Affirmative Defense

Shuttleslide's Tenth Affirmative Defense reads: "This is not an exceptional case under 35 U.S.C. § 285, and Plaintiff is not entitled to attorneys' fees; Shuttleslide reserves the right to seek its own fees due to the baseless nature of the allegations." [ECF No. 100 at 14]. This defense proffers no additional facts; rather, it responds to Plaintiff's allegations that the case is "exceptional" and attorney's fees should be awarded, *see* [ECF No. 90 ¶ 62]. This defense is best characterized as a denial—one that appears more than once in Shuttleslide's pleading. *See* [ECF No. 100 at ¶ 62 (denying allegation in ¶ 62 of Second Amended Complaint)]. Thus, the "proper remedy" is to treat it as a mere denial rather than an affirmative defense. *Mad Room*, 2024 WL 2776173 at n.1.

*iii. The Factually Threadbare Defenses*

Affirmative defenses that are "so vague and overbroad" that they cannot surmount even the "lower pleading standard of Rule 8(c)" must fail. *Mad Room*, 2024 WL 2776173 at *17. While Rule 8 does not require a defendant to set forth detailed factual allegations, "[a] court must not tolerate shotgun pleading of affirmative defenses, and should strike vague and ambiguous defenses which do not respond to any particular count, allegation or legal basis of a complaint." *Morrison*, 434 F. Supp. 2d at 1318; *see also Tsavaris*, 310 F.R.D. at 682 (striking—under the lower pleading standard—"defenses" that were "bare-bone conclusions of law without *any* supporting facts" (emphasis added)).

a. Third Affirmative Defense

In its Third Affirmative Defense, Shuttleslide alleges: "One or more claims of the '111, '922, and '557 Patents are invalid for failure to satisfy one or more requirements of Title 35 of the United States Code, including without limitation 35 U.S.C. §§ 101, 102, 103, and/or 112." [ECF No. 100 at 13]. Plaintiff, though recognizing that invalidity is a proper affirmative defense, argues the Third Affirmative Defense is an improper "bare-bones" and "conclusory" assertion. [ECF No. 104 at 3]. Shuttleslide responds that the statement provides "fair notice" and adds that "[s]triking now would

prematurely foreclose a defense that plainly bears a possible relation to the controversy." [ECF No. 109 at 8].

The Third Affirmative Defense lumps together: the Sea Swivel Patents, an unknown number of claims within those patents, and the purportedly invalidating statutes. The "without limitation" caveat magnifies the ambiguity, suggesting that the listed statutes are merely examples, as opposed to a clear delineation of the patents' alleged shortcomings. The statement is, therefore, effectively meaningless, communicating only that the Sea Swivel Patents are deficient under *some* statutory scheme, which *could include* the statutes listed in the Third Affirmative Defense. That will not do. *See XYZ Corp.*, 2024 WL 3673011, at *4–5 (striking insufficiently developed invalidity defense that failed to link legal conclusions with factual allegations). Had the statement referenced a single statute, or a single patent that fails multiple requirements, it may have provided sufficient clarity. In *Boldstar*, for example, the court declined to strike an invalidity affirmative defense that raised specific statutory challenges to a single patent. 517 F. Supp. 2d at 1291 ("Home Depot has identified the specific statutory provisions which allegedly operate to make the patent invalid"). Furthermore, the *Boldstar* defendants identified *how* the patent failed each cited statute. *See Boldstar Tech., LLC*, No. 9:07-cv-80435, Dkt. No. 7 at 11 (noting that the invention was "anticipated" under 35 U.S.C. § 102, and "obvious" under 35 U.S.C. § 103). In this way, the *Boldstar* plaintiffs did not have to guess how, in defendants' view, their patent missed the mark. Here, however, the combination of multiple patents, multiple alleged statutory failures, and multiple statutory provisions fails to give adequate notice. Because Shuttleslide could add sufficient information—for example, by linking a specific patent with a particular statutory provision—to save this affirmative defense, they shall be permitted to amend the pleading.

b. Fifth Affirmative Defense

In its Fifth Affirmative Defense, Shuttleslide says: "Plaintiff's claims are barred in whole or in part by prosecution history estoppel and/or disclaimer limiting the scope of the asserted claims, precluding any finding of infringement under any theory broader than permitted by the file history." [ECF No. 100 at 13]. Plaintiff argues the defense "identifies no prosecution amendment, disclaimer, argument, or claim limitation" and is impermissibly conclusory. [ECF No. 104 at 4]. Shuttleslide claims that the defense "alerts Plaintiff that Shuttleslide will rely on both intrinsic and extrinsic evidence to claim scope and the doctrine of equivalents." [ECF No. 109 at 8–9]. This response fails to address the core complaint—that the statement is bare-bones and conclusory—and is ultimately unpersuasive.

The Fifth Affirmative Defense sets forth no factual allegations, referring generally to "prosecution history" and "file history." [ECF No. 100 at 13]. Nor do we find persuasive the claim that putting Plaintiff on notice of Shuttleslide's intent to "rely on both intrinsic and extrinsic evidence" satisfies Rule 8. [ECF No. 109 at 8–9]. Taken to its logical conclusion, any affirmative defense that conceivably narrows the scope of potential evidence—regardless of whether it identifies what the evidence would be used to prove—would satisfy Rule 8. As it presently stands, however, the statement identifies no facts and no part of the prosecution history or file history that Shuttleslide believes precludes relief. Courts "must" strike such "bare-bones, conclusory allegations" when presented with them. *Northrop*, 2017 WL 5632041, at *3. Because this affirmative defense could be developed further to satisfy the minimal pleading standards of Rule 8(c), Shuttleslide will be permitted to amend.

c. Sixth Affirmative Defense

Shuttleslide's Sixth Affirmative Defense reads: "Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, estoppel, laches, unclean hands, and/or acquiescence." [ECF No.

100 at 13]. Plaintiff objects that these "bare[-]bones allegations identify no conduct by Plaintiff that could plausibly support any of these doctrines." [ECF No. 104 at 5]. Shuttleslide, it seems, does not dispute the lack of specificity, but argues that "[i]f the Court requires more specificity, the proper remedy is to allow discovery to proceed or granting leave to amend." [ECF No. 109 at 9].

Because this affirmative defense consists of legal concepts without grounding in any factual allegations, it will be stricken. *See Dionisio v. Ultimate Images & Designs, Inc.*, 391 F. Supp. 3d 1187, 1196 (S.D. Fla. 2019); *see also Wlodynski v. Ryland Homes of Fla. Realty Corp.*, No. 808-CV-00361-JDW-MAP, 2008 WL 2783148, at *2 (M.D. Fla. July 17, 2008) (striking affirmative defense resting on "blanket assertions that Plaintiff's claims are barred by the doctrine of laches, the doctrines of waiver and estoppel, and by his own misconduct and unclean hands"). As with Shuttleslide's other factually underdeveloped affirmative defenses, we grant leave to amend, but with one important clarification. "When two separate defenses are pled under a single affirmative defense heading, the proper course of action for the court is to strike the defendant's affirmative defense without prejudice, giving leave for the defendant to amend." *Dionisio*, 391 F. Supp. 3d at 1193. The Sixth Affirmative Defense combines five separate defenses, each with their corresponding standards and elements.[5] If Shuttleslide re-pleads the Sixth Affirmative Defense in an amended answer to Plaintiff's Second Amended Complaint, it must separately list each defense. *Id.*

d. Ninth Affirmative Defense

In its Ninth Affirmative Defense, Shuttleslide asserts "Plaintiff has failed to mitigate its alleged damages, if any, thereby barring or reducing any recovery." [ECF No. 100 at 14]. "[F]ailure to mitigate damages is an affirmative defense under Rule 8(c)." *Frederick v. Kirby Tankships, Inc.*, 205

[5] This cobbling together of different defenses supplies an independent basis for striking the Sixth Affirmative Defense.

F.3d 1277, 1287 (11th Cir. 2000). But this statement, which lacks any factual allegations,[6] is not a properly pled failure-to-mitigate defense. *See Northrop*, 2017 WL 5632041, at *3; *Dionisio*, 391 F. Supp. 3d at 1196. The affirmative defense trades in conclusions without factual underpinning, leaving Plaintiff to guess how and when it failed to mitigate. It also "makes no reference to how it is connected to Plaintiff['s] claims." *Robinson*, 2018 WL 1877462, at *5. Accordingly, this defense shall be stricken, and Shuttleslide will be allowed to amend.

*iv.* *No Prejudice to Shuttleslide*

In its Response, Shuttleslide argues that "it would be highly prejudicial to the Defendants if its affirmative defenses were to be stricken at this stage of the proceedings without the benefit of any discovery whatsoever." [ECF No. 109 at 6–7]. Shuttleslide also claims that judicial resource considerations weigh against striking, because these issues may resurface after discovery. *Id.* at 7. But Shuttleslide's arguments could be used to justify any improper affirmative defense—thereby creating an exception that swallows the rule.

Shuttleslide's discovery argument crumbles under scrutiny. First, no amount of fact development will save the "Defective Complaint" defenses (Affirmative Defenses One, Four and Ten) because, as explained, they are simple denials masquerading as affirmative defenses. Second, in many cases, a defendant's answer will precede discovery, which means most defendants could assert prejudice as an argument against striking improperly pled defenses. But permitting bare-bones affirmative defenses under those circumstances creates an untenable loophole in Rule 8's minimal pleading standards. As one court explained, if defendants were permitted to submit such affirmative defenses "in an abundance of caution in case facts come to light upon which the defenses may be

---

[6] Shuttleslide does not contest this lack of factual development, suggesting instead that "striking would be premature" because the facts underpinning this claim would be "explored in discovery." [ECF No. 109 at 9]. But the fact that a party may gain information relevant to an affirmative defense during discovery—undoubtedly true regarding every factual and legal claim in a pleading—does not relieve a party from complying with Rule 8.

relevant," "then every defendant would have a basis for asserting nearly any legitimate affirmative defense that might arguably, eventually apply." *Delgado v. Carnival Corp.*, 640 F. Supp. 3d 1286, 1291 (S.D. Fla. 2022). That strategy, the court rightly observed, "is more akin to shotgun pleading than fair notice." *Id.* In any event, if additional facts come to light that bear on Shuttleslide's affirmative defenses, it is free to seek leave to amend, and such leave should be "freely give[n]." FED. R. CIV. P. 15(a)(2).

Shuttleslide's judicial economy argument also fails. Rule 8 is in place for good reasons, and ensuring the parties have adequate notice is chief among them. The Court sees no reason to allow bare-bones affirmative defenses, which confuse[7] rather than clarify the issues in the case, simply because there is a chance the issues may come back later—hopefully in a way that satisfies Rule 8. Ensuring adequate pleadings through amendment is a feature of the system, not a bug.

## IV. CONCLUSION

Based on the foregoing, it is **ORDERED AND ADJUDGED** that the Motion, [ECF No. 104], is:

1. **GRANTED** as to Shuttleslide's First, Fourth, and Tenth Affirmative Defenses, which shall be construed as denials rather than affirmative defenses; and
2. **GRANTED** as to Shuttleslide's Third, Fifth, Sixth, and Ninth Affirmative Defenses, which are **STRICKEN with leave to amend**.

**DONE AND ORDERED** in the Southern District of Florida on September 2, 2026.

**YENEY HERNANDEZ**
**UNITED STATES MAGISTRATE JUDGE**

cc: counsel of record

[7] *Williams v. Delray Auto Mall*, 289 F.R.D. 697, 699 (S.D. Fla. 2013) ("A motion to strike is intended to clean up the pleadings, removing irrelevant or otherwise confusing material.").